

March 14, 2019

**VIA ECF**

Hon. Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Orrick, Herrington & Sutcliffe LLP
2050 Main Street
Suite 1100
Irvine, CA 92614-8255

+1 949 567 6700

**orrick.com**

Khai LeQuang
E  klequang@orrick.com
D  +1 949 852 7708
F  +1 949 567 6710

Re: *EFG Bank AG, Cayman Branch, et al. v. AXA Equitable Life Ins. Co.,* 17 Civ. 4767 (JMF) (S.D.N.Y.) [rel. 16 Civ. 740, 17 Civ. 4803, 17 Civ. 9355, 18 Civ. 2111] – Letter-Motion Seeking Leave to File Certain Documents Under Seal

Dear Judge Furman:

Pursuant to Rules 7.B. and 7.D. of the Court's Individual Rules and Practices in Civil Cases ("Court's Rules"), Plaintiffs in the above-captioned case respectfully request leave from the Court to file under seal the following documents submitted in connection with Plaintiffs' Letter Response (ECF No. 271) to the March 11, 2019 Letter Motion to Compel (ECF No. 266) submitted by Defendant AXA Equitable Life Insurance Company ("AXA") (the "Response"):

- Exhibit A, which is an internal spreadsheet to the EAA Plaintiffs providing confidential, business sensitive, and proprietary valuation estimates for individual life insurance policies, including many policies issued by life insurance carriers other than AXA that are not at issue in this litigation;

- Exhibit B, which is an internal spreadsheet to the EAA Plaintiffs providing confidential and business sensitive information for individual life insurance policies, including many policies issued by life insurance carriers other than AXA that are not at issue in this litigation; and

- Exhibit D, which is an November 9, 2015 email between personnel at EFG and personnel at MLF LexServ (a third-party service provider) relating confidential business discussions concerning MLF LexServ's services provided to EFG.

The presumption of public access to judicial documents must be balanced against countervailing factors, such as "privacy interests" and whether the materials at issue contain "sensitive and proprietary information." *See Awestruck Mktg. Grp., LLC v. Black Ops Prods., LLC*, No. 16-CV-3969 (RJS), 2016 WL 8814349, at *2 (S.D.N.Y. June 20, 2016); *see also Playtex Prod., LLC v. Munchkin, Inc.*, No. 14-CV-1308 (RJS), 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016). The Second Circuit also has recognized that the presumption of public access is minimal with respect to irrelevant documents. *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("Where testimony or documents play only a negligible role in the



performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason.").

Here, Exhibits A and B contain confidential, business sensitive, and proprietary valuation information related to the EAA Plaintiffs' investment and management of its life insurance portfolios. Public disclosure of information in Exhibits A and B would substantially harm the EAA Plaintiffs by disclosing the confidential information and internal analyses as to the anticipated and actual performance of the life insurance policies. Moreover, Exhibits A and B contain information on many life insurance policies issued by life insurance carriers other than AXA that are not at issue in this litigation. Accordingly, the harm to the EAA Plaintiffs that would result from disclosure outweighs the presumption of public access. *See Awestruck Mktg*, 2016 WL 8814349, at *2; *Playtex*, 2016 WL 1276450, at *11.

Exhibit D is an internal business email between personnel at EFG and personnel at MLF LexServ (a third-party service provider to EFG) discussing specific services provided by MLF LexServ to EFG, which is not publicly known. The disclosure of Exhibit D may cause harm to the service relationship between EFG and MLF LexServ, which outweighs the presumption of public access. *See Awestruck Mktg*, 2016 WL 8814349, at *2; *Playtex*, 2016 WL 1276450, at *11.

Plaintiffs have filed Exhibits A, B, and D in support of their opposition to AXA's Letter Motion to Compel (ECF No. 266), which was filed recently on March 11, 2019. Since AXA's filing, counsel for Plaintiffs have not been able to acquire declarations from persons with knowledge at EFG and EAA Plaintiffs, persons who are located in Europe. Plaintiffs intend to supplement this letter motion with declarations attesting to the facts referenced herein by tomorrow, March 15, 2019.

Plaintiffs request leave from the Court to file under seal Exhibits A, B, and D to Plaintiffs' Response (ECF No. 271).

Respectfully Submitted,

*/s/ Khai LeQuang*

Khai LeQuang

cc: David Gelfand (dgelfand@milbank.com); Stacey Rappaport (srappaport@milbank.com)

> Application GRANTED. If they have not done so already, Plaintiffs shall promptly file unredacted copies of the relevant documents with the Sealed Records Department. The Clerk of Court is directed to terminate Docket No. 272. SO ORDERED.
>
> March 18, 2019