# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
EFG Bank AG, Cayman Branch, *et al.*,

        Plaintiffs,      Case No. 16-CV0-4767(JMF)

   -against-


AXA EQUITABLE LIFE INSURANCE COMPANY,

        Defendant.
-------------------------------------------------------------------x


**DEFENDANT AXA EQUITABLE LIFE INSURANCE COMPANY'S**

**NOTICE OF SUBPOENAS**


Larry H. Krantz
Krantz & Berman LLP
747 Third Ave., 32nd Floor
New York, New York 10017
212-661-0009 (ph)
212-355-5009 (fax)
lkrantz@krantzberman.com

## <u>AXA EQUITABLE LIFE INSURANCE COMPANY'S NOTICE OF SUBPOENAS</u>

Pursuant to Federal Rule of Civil Procedure 45, please take notice that Defendant AXA Equitable Life Insurance Company intends to serve subpoenas *duces tecum* in the forms attached hereto, on Maple Life Analytics, LLC and Maple Life Financial, LLC on September 18, 2018 or as soon thereafter as service may be effectuated.

Dated:  September 18, 2018

Respectfully submitted,

_____
Larry H. Krantz
Krantz & Berman LLP
747 Third Ave., 32nd Floor
New York, New York 10017
212-661-0009 (ph)
212-355-5009 (fax)
lkrantz@krantzberman.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 18th day of September 2018, I caused the foregoing Notice of

Subpoenas to be served via email on the following:

***Attorneys for Plaintiffs Brach Family Foundation***
**(Case No. 1:17-cv-00740-JMF)**
Seth Ard (SArd@susmangodfrey.com)
Mark Musico (MMusico@susmangodfrey.com)
Kate Gheen (KGheen@susmangodfrey.com)
Halley Josephs (HJosephs@susmangodfrey.com)
Maxine Maritz (MMaritz@susmangodfrey.com)
Steven G. Sklaver (SSklaver@SusmanGodfrey.com)
Rohit D. Nath (RNath@susmangodfrey.com)
Glenn Bridgman (KGheen@susmangodfrey.com)
Orrick distribution email: (OrrickEFGAXA@orrick.com)

***Attorneys for Plaintiffs EFG Bank AG, Cayman Branch, et al.***
**(Case No. 1:17-cv-04767-JMF)**
Khai LeQuang (klequang@orrick.com)
Ric Fukushima (rfukushima@orrick.com)
Peter A. Bicks (pbicks@orrick.com)
Darren Teshima (dteshima@orrick.com)
Emily K. Brown (emily.brown@orrick.com)
Heather Boylan Clark (hboylanclark@orrick.com)

***Attorneys for Plaintiffs The Duffy 2004 LLC, et al.***
**(Case No. 1:17-cv-04803-JMF)**
Michael S. Cryan (Michael.Cryan@arentfox.com)
Julius Addison Rousseau, III (Jule.Rousseau@arentfox.com)
Franjo M. Dolenac (Franjo.Dolenac@arentfox.com)

***Attorneys for Plaintiffs LSH Co, et al.***
**(Case No. 1:18-cv-02111-JMF)**
Dorit Ungar Black (dblack@hsgllp.com)
Andrei Vrabie (avrabie@hsgllp.com)
Daniel P. Goldberg (dgoldberg@hsgllp.com)
Jayme Alyse Jonat (jjonat@hsgllp.com)
Timothy W. Grinsell (tgrinsell@hsgllp.com)
Wendy L. Green (wgreen@hsgllp.com)
David Sanson (dsanson@hsgllp.com)
Holwell Shuster distribution list: HSGAIMCoTeam@hsgllp.com

***Attorneys for Plaintiffs James M. Croft and Daniel E. Croft, as Trustees of the Croft
Irrevocable Trust***
**(Case No. 1:17-cv-09355-JMF)**
Charles J. Surrano (cjs@surranolawfirm.com)
John N. Wilborn (jnw@surranolawfirm.com)
Jennie Leetham (jml@surranolawfirm.com)

_____
Larry H. Krantz
Krantz & Berman LLP
747 Third Ave., 32nd Floor
New York, New York 10017
212-661-0009 (ph)
212-355-5009 (fax)
lkrantz@krantzberman.com

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the
### Southern District of New York

| | |
|---|---|
| EFG Bank AG, Cayman Branch, et al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  17-CV-4767 (JMF) |
| AXA Equitable Life Insurance Company, | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                              Maple Life Analytics, LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Planet Depos, 1100 Connecticut Ave., NW<br>Suite 950<br>Washington, DC 20036 | Date and Time:<br><br>10/09/2018 5:00 pm |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      09/18/2018

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*

AXA Equitable Life Insurance Company                                  , who issues or requests this subpoena, are:

Larry H. Krantz, Krantz & Berman LLP, 747 3rd Ave., 32nd Floor, NY NY 10017    lkrantz@krantzberman.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   17-CV-4767 (JMF)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____   on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

## DEFINITIONS

1.        These requests (the "Requests," and, each, a "Request") incorporate by reference the Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3 for the United States District Courts for the Southern and Eastern Districts of New York.

2.        "AULII" means Athena Universal Life II.

3.        "AULII Policies" means AULII life insurance policies (whether or not in force), each an "AULII Policy," including but not limited to the Plaintiff Policies.

4.        "COI" means cost of insurance.

5.        "COI Adjustment" means AXA's adjustment of COI for AULII policies with issue age 70 or older and face amount $1 million or higher in force as of March 8, 2016.

6.        "Defendant" and "AXA" each means AXA Equitable Life Insurance Company.

7.        "EAA Trusts" means DLP Master Trust, DLP Master Trust II, DLP Master Trust III, GWG DLP Master Trust, Greenwich Settlements Master Trust, Life Funding Trust, PF Participation Funding Trust, Palm Beach Settlement Company, and any former or present officers, directors, principals, members, partners, shareholders, representatives, agents, attorneys, or employees of any of the foregoing.

8.        "EFG" means EFG Bank AG, Cayman Branch, and any former or present officers, directors, principals, members, partners, shareholders, representatives, agents, attorneys, or employees of EFG Bank AG, Cayman Branch.

9.        "EFG Plaintiffs" means EFG, Wells Fargo and the EAA Trusts.

10.         "Litigation" means, individually and collectively, the actions entitled *EFG Bank AG, Cayman Branch, et al., v. AXA Equitable Life Ins. Co.*, 17-cv-4767 (S.D.N.Y.) (JMF) ("*EFG*"), *LSH CO, et al. v. AXA Equitable Life Ins. Co.*, 18-cv-2111 (S.D.N.Y.) (JMF) ("*LSH*"), and the related actions pending before the Hon. Jesse M. Furman in the United States District

1

Court for the Southern District of New York, including *Brach Family Foundation, Inc., et al., v. AXA Equitable Life Ins. Co.*, 16-cv-740 (S.D.N.Y.) (JMF), *James M. Croft, et al., v. AXA Equitable Life Ins. Co.*, 17-cv-9355 (S.D.N.Y.) (JMF), and *The Duffy 2004 LLC, et al., v. AXA Equitable Life Ins. Co.*, 17-cv-4803 (S.D.N.Y.) (JMF).

11.     "LSH" means LSH CO and LSH II CO, and any former or present officers, directors, principals, members, partners, shareholders, representatives, agents, attorneys, or employees of either of the foregoing.

12.     "LSH Plaintiffs" means LSH and Wells Fargo.

13.     "Plaintiffs" means EFG Plaintiffs and LSH Plaintiffs, each a "Plaintiff."

14.     "Plaintiff Policies" means the AULII life insurance policies, each a "Plaintiff Policy," specifically identified by policy number in (i) Exhibits 1 and 3 to the Third Amended Complaint filed in *EFG* on March 15, 2018 as, respectively, *EFG* ECF Nos. 127-1 and 127-3; and (ii) Exhibit 1 to the Second Amended Complaint filed in *LSH* on May 25, 2018 as *LSH* ECF No. 58-1.

15.     "Wells Fargo" means Wells Fargo Bank, National Association, and any former or present officers, directors, principals, members, partners, shareholders, representatives, agents, attorneys, or employees of Wells Fargo Bank, National Association.

16.     "You" and "Your" each means Maple Life Analytics, LLC, and any former or present officers, directors, principals, members, partners, shareholders, representatives, agents, attorneys, or employees of Maple Life Analytics, LLC.

## INSTRUCTIONS

1.     This is an exhibit to a subpoena pursuant to the authority of the United States District Court for the Southern District of New York requiring You to produce the Documents that are described below.

2.     The Requests shall be deemed continuing in nature and require prompt supplemental responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure in the event You become aware of, or acquire within Your possession, custody or control, additional responsive Documents at any time hereafter.

3.     The Requests include all Documents within Your possession, custody, or control, and in producing Documents, You are to furnish all such Documents.

4.     The scope of Your search for data that is responsive to any Request shall include all forms of Electronically Stored Information ("ESI").

5.     ESI should be produced in accordance with the following specifications:

      i)     Form of Production. Produce electronically stored information in single-page tiff format (Group IV tiff at 300 dpi) or in JPG format for Documents in color. Defendant reserves the right to request color JPG files for any Document that is unreadable or has limited accessibility in the Group IV TIFF format. Productions shall be made on encrypted media (*e.g.*, CD/DVD or portable hard drive) or via a secure FTP site with Opticon image load files (.OPT). TIFF/JPG image naming conventions should be limited to alphanumeric names only, with no spaces, no hyphens, and no special characters in the file name (*e.g.*, ABC00000001.tif). All fielded database information (including extracted metadata from electronic Documents) should be delivered in a standard Concordance load file format (.DAT). Group every 1,000 tiff images within incrementally named "IMAGES" directories; do not create a separate folder for each Document.

      ii)     Document Text. For Documents/records that were originally stored as native electronic files and which do not have redactions, produce the extracted full text (not OCR) from the body of each Document in separate Document-level text files (.txt) named for the beginning Bates number of the associated Document. Provide OCR text for Documents that do not contain searchable text (*e.g.*, non-

searchable PDFs, etc.).  For Documents that were originally stored as native electronic files and which have redactions, produce the OCR text from the redacted image(s) associated with each Document.  Clearly label any redacted material to show the redactions on the tiff image.  Group 1,000 Document text files per incrementally named "TEXT" directories, separate from image directories.  A comma delimited list file (.LST) should be provided and include the beginning Bates number and the full file path (including volume) information to the extracted text/OCR files.

iii)    Native Production For Certain File Types.  For files created by Excel or other spreadsheet programs, PowerPoint or other special presentation programs, database files, audio/visual files or any other file types that reasonably require viewing in their native format for a full understanding of their content and meaning, produce the files in native and tiff formats.  Name the produced native file with the Bates number on the first page of the corresponding tiff production of the file/Document.  A comma delimited list file (.LST) should be provided and include the beginning Bates number and the full file path (including volume) information to the native files.  Group native files within incrementally named "NATIVE" directories; separate from images and text directories.  Defendant reserves the right to request native files for any Document that is unreadable or has limited accessibility in the Group IV TIFF or JPG format.

iv)    Metadata.  Produce extracted metadata for each Document/record in the form of a Concordance load file (.dat), including the following fields (where applicable): bates range begin, bates range end, bates family range begin, bates family range end, e-mail subject line, file extension, original file path, file name, e-mail sent date, e-mail sent time, received date, received time, created date, created time, last modified date, last modified time, author, from, to, CC, BCC, custodian, custodian duplicate, source, source folder, MD5 hash value, native file path location, redactions present (yes/no) and confidentiality designation. Custodian, source or source folder field should contain information that can easily identify the location of the Document and, where applicable, the natural person in whose possession it was found.

6.    If any Document which forms a part of or the entire basis for any response to a Request has been destroyed or lost, identify each such Document, all steps taken to preserve the Document, the date the Document was destroyed or lost, and all steps taken to attempt to retrieve the Document.

7.      If any part of a Request cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to any part.

8.      When an objection is made to any Request, the objection shall state with specificity all grounds for objection.  Any ground not stated in an objection within the time provided by Federal Rule of Civil Procedure 45(d)(2), or any extensions thereof, shall be deemed to have been waived.

9.      If any Document is withheld, in whole or in part, for any reason, including, but not limited to, any claim of privilege, whether work-product or attorney-client, You shall produce a list specifying each such Document and setting forth the following information:

  i)     the date the Document was created;

  ii)    the number of pages of the Document;

  iii)   the name and last known address of each person who prepared or participated in the preparation of the Document;

  iv)    the name and last known address of each addressee or other person to whom the Document, or any part thereof, was sent or to whom the Document or its contents, or any part thereof, was disclosed;

  v)     a summary of the general subject matter of the Document (and such other information as is necessary to identify the Document, such as whether the Document is a letter or memorandum); and

  vi)    a statement of the legal basis upon which the asserted privilege is claimed.

10.     If a Document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible.  If a privilege is asserted with

regard to part of the material contained in a Document, You must clearly indicate the portions as to which the privilege is claimed in accordance with the procedure outlined above.

11.     Documents shall be produced in such fashion as to identify the natural person in whose possession they were found.

12.     The use of any tense of any verb shall also include within its meaning all other tenses of that verb.

13.     If no Documents exist which are responsive to a particular Request, Your response to such Request shall so state.

## RELEVANT TIME PERIOD

Unless otherwise specifically indicated, all Requests refer to the period from January 1, 2004 up until the date of Your responses to the Requests.  Documents produced in response to the Requests shall include all Documents that relate in whole or part to such period, or to events during such period, even though dated, prepared, generated or received prior to or after that period.  If a Document prepared before the designated period is necessary for a correct or complete understanding of any Document covered by a Request, You must produce the earlier Document as well.  If any Document is undated and the date of its preparation cannot be determined, the Document shall be produced if otherwise responsive to the Request.

## DOCUMENT REQUESTS

## REQUEST FOR PRODUCTION NO. 1

All Documents concerning AULII Policies, including but not limited to all Documents incorporating or reflecting mortality tables, mortality rates, or mortality assumptions for any AULII Policy.

**REQUEST FOR PRODUCTION NO. 2**

All Documents concerning mortality assumptions (including assumptions concerning mortality improvement or deterioration), mortality rates or mortality trends for individuals at age 65 or older.

**REQUEST FOR PRODUCTION NO. 3**

All Documents concerning the manner or process by which any mortality assumption concerning AULII Policies was created, generated, or derived.

**REQUEST FOR PRODUCTION NO. 4**

All Documents concerning the value or valuation of any AULII Policy.

**REQUEST FOR PRODUCTION NO. 5**

All Documents concerning any services provided by You to any Plaintiff, or any affiliate of any Plaintiff, including but not limited to any agreements concerning such services and all documents concerning compensation or consideration You received in connection with such services.

**REQUEST FOR PRODUCTION NO. 6**

Your policies and procedures relevant to Your administering, monitoring, servicing, or managing of AULII Policies, or any portfolio containing them, for any Plaintiff.

**REQUEST FOR PRODUCTION NO. 7**

All Documents concerning any financing or loans related to any Plaintiff Policy.

**REQUEST FOR PRODUCTION NO. 8**

All Documents concerning any Plaintiff's review of, or decision to acquire any interest in or engage in any transaction with respect to, any AULII Policy, including all Documents

concerning the process by which any AULII Policy was identified for potential or actual

acquisition by any Plaintiff.

**REQUEST FOR PRODUCTION NO. 9**

  All Documents concerning AULII, including all Documents concerning COI for any

AULII Policy or the COI Adjustment.

**REQUEST FOR PRODUCTION NO. 10**

  All Documents concerning the Litigation.

**REQUEST FOR PRODUCTION NO. 11**

  All Documents concerning any litigation, regulatory matter, or criminal matter that You

are or were involved in concerning life insurance.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

#### Southern District of New York

| | |
|---|---|
| EFG Bank AG, Cayman Branch, et al., | ) |
| *Plaintiff* | ) |
| v. | ) |
| AXA Equitable Life Insurance Company, | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   17-CV-4767 (JMF)

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                           Maple Life Financial, LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Planet Depos, 1100 Connecticut Ave., NW Suite 950 Washington, DC 20036 | Date and Time: 10/09/2018 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   09/18/2018

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

AXA Equitable Life Insurance Company                                      , who issues or requests this subpoena, are:

Larry H. Krantz, Krantz & Berman LLP, 747 3rd Ave., 32nd Floor, NY NY 10017   lkrantz@krantzberman.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  17-CV-4767 (JMF)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

## DEFINITIONS

1.      These requests (the "Requests," and, each, a "Request") incorporate by reference the Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3 for the United States District Courts for the Southern and Eastern Districts of New York.

2.      "AULII" means Athena Universal Life II.

3.      "AULII Policies" means AULII life insurance policies (whether or not in force), each an "AULII Policy," including but not limited to the Plaintiff Policies.

4.      "COI" means cost of insurance.

5.      "COI Adjustment" means AXA's adjustment of COI for AULII policies with issue age 70 or older and face amount $1 million or higher in force as of March 8, 2016.

6.      "Defendant" and "AXA" each means AXA Equitable Life Insurance Company.

7.      "EAA Trusts" means DLP Master Trust, DLP Master Trust II, DLP Master Trust III, GWG DLP Master Trust, Greenwich Settlements Master Trust, Life Funding Trust, PF Participation Funding Trust, Palm Beach Settlement Company, and any former or present officers, directors, principals, members, partners, shareholders, representatives, agents, attorneys, or employees of any of the foregoing.

8.      "EFG" means EFG Bank AG, Cayman Branch, and any former or present officers, directors, principals, members, partners, shareholders, representatives, agents, attorneys, or employees of EFG Bank AG, Cayman Branch.

9.      "EFG Plaintiffs" means EFG, Wells Fargo and the EAA Trusts.

10.     "Litigation" means, individually and collectively, the actions entitled *EFG Bank AG, Cayman Branch, et al., v. AXA Equitable Life Ins. Co.*, 17-cv-4767 (S.D.N.Y.) (JMF) ("*EFG*"), *LSH CO, et al. v. AXA Equitable Life Ins. Co.*, 18-cv-2111 (S.D.N.Y.) (JMF) ("*LSH*"), and the related actions pending before the Hon. Jesse M. Furman in the United States District

Court for the Southern District of New York, including *Brach Family Foundation, Inc., et al., v. AXA Equitable Life Ins. Co.*, 16-cv-740 (S.D.N.Y.) (JMF) , *James M. Croft, et al., v. AXA Equitable Life Ins. Co.*, 17-cv-9355 (S.D.N.Y.) (JMF), and *The Duffy 2004 LLC, et al., v. AXA Equitable Life Ins. Co.*, 17-cv-4803 (S.D.N.Y.) (JMF).

11.     "LSH" means LSH CO and LSH II CO, and any former or present officers, directors, principals, members, partners, shareholders, representatives, agents, attorneys, or employees of either of the foregoing.

12.     "LSH Plaintiffs" means LSH and Wells Fargo.

13.     "Plaintiffs" means EFG Plaintiffs and LSH Plaintiffs, each a "Plaintiff."

14.     "Plaintiff Policies" means the AULII life insurance policies, each a "Plaintiff Policy," specifically identified by policy number in (i) Exhibits 1 and 3 to the Third Amended Complaint filed in *EFG* on March 15, 2018 as, respectively, *EFG* ECF Nos. 127-1 and 127-3; and (ii) Exhibit 1 to the Second Amended Complaint filed in *LSH* on May 25, 2018 as *LSH* ECF No. 58-1.

15.     "Wells Fargo" means Wells Fargo Bank, National Association, and any former or present officers, directors, principals, members, partners, shareholders, representatives, agents, attorneys, or employees of Wells Fargo Bank, National Association.

16.     "You" and "Your" each means Maple Life Financial, LLC, and any former or present officers, directors, principals, members, partners, shareholders, representatives, agents, attorneys, or employees of Maple Life Financial, LLC.

## INSTRUCTIONS

1.      This is an exhibit to a subpoena pursuant to the authority of the United States

District Court for the Southern District of New York requiring You to produce the Documents

that are described below.

2.      The Requests shall be deemed continuing in nature and require prompt

supplemental responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure in

the event You become aware of, or acquire within Your possession, custody or control,

additional responsive Documents at any time hereafter.

3.      The Requests include all Documents within Your possession, custody, or control,

and in producing Documents, You are to furnish all such Documents.

4.      The scope of Your search for data that is responsive to any Request shall include

all forms of Electronically Stored Information ("ESI").

5.      ESI should be produced in accordance with the following specifications:

   i)      Form of Production.  Produce electronically stored information
in single-page tiff format (Group IV tiff at 300 dpi) or in JPG format for
Documents in color.  Defendant reserves the right to request color JPG
files for any Document that is unreadable or has limited accessibility in
the Group IV TIFF format.  Productions shall be made on encrypted
media (*e.g.*, CD/DVD or portable hard drive) or via a secure FTP site
with Opticon image load files (.OPT).  TIFF/JPG image naming
conventions should be limited to alphanumeric names only, with no
spaces, no hyphens, and no special characters in the file name (*e.g.*,
ABC00000001.tif).  All fielded database information (including
extracted metadata from electronic Documents) should be delivered in a
standard Concordance load file format (.DAT).  Group every 1,000 tiff
images within incrementally named "IMAGES" directories; do not
create a separate folder for each Document.

   ii)     Document Text.  For Documents/records that were originally
stored as native electronic files and which do not have redactions,
produce the extracted full text (not OCR) from the body of each
Document in separate Document-level text files (.txt) named for the
beginning Bates number of the associated Document.  Provide OCR
text for Documents that do not contain searchable text (*e.g.*, non-

3

searchable PDFs, etc.).  For Documents that were originally stored as native electronic files and which have redactions, produce the OCR text from the redacted image(s) associated with each Document.  Clearly label any redacted material to show the redactions on the tiff image. Group 1,000 Document text files per incrementally named "TEXT" directories, separate from image directories.  A comma delimited list file (.LST) should be provided and include the beginning Bates number and the full file path (including volume) information to the extracted text/OCR files.

iii)     Native Production For Certain File Types.  For files created by Excel or other spreadsheet programs, PowerPoint or other special presentation programs, database files, audio/visual files or any other file types that reasonably require viewing in their native format for a full understanding of their content and meaning, produce the files in native and tiff formats.  Name the produced native file with the Bates number on the first page of the corresponding tiff production of the file/Document.  A comma delimited list file (.LST) should be provided and include the beginning Bates number and the full file path (including volume) information to the native files.  Group native files within incrementally named "NATIVE" directories; separate from images and text directories.  Defendant reserves the right to request native files for any Document that is unreadable or has limited accessibility in the Group IV TIFF or JPG format.

iv)     Metadata.  Produce extracted metadata for each Document/record in the form of a Concordance load file (.dat), including the following fields (where applicable): bates range begin, bates range end, bates family range begin, bates family range end, e-mail subject line, file extension, original file path, file name, e-mail sent date, e-mail sent time, received date, received time, created date, created time, last modified date, last modified time, author, from, to, CC, BCC, custodian, custodian duplicate, source, source folder, MD5 hash value, native file path location, redactions present (yes/no) and confidentiality designation. Custodian, source or source folder field should contain information that can easily identify the location of the Document and, where applicable, the natural person in whose possession it was found.

6.     If any Document which forms a part of or the entire basis for any response to a Request has been destroyed or lost, identify each such Document, all steps taken to preserve the Document, the date the Document was destroyed or lost, and all steps taken to attempt to retrieve the Document.

7.      If any part of a Request cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to any part.

8.      When an objection is made to any Request, the objection shall state with specificity all grounds for objection.  Any ground not stated in an objection within the time provided by Federal Rule of Civil Procedure 45(d)(2), or any extensions thereof, shall be deemed to have been waived.

9.      If any Document is withheld, in whole or in part, for any reason, including, but not limited to, any claim of privilege, whether work-product or attorney-client, You shall produce a list specifying each such Document and setting forth the following information:

> i)    the date the Document was created;
>
> ii)   the number of pages of the Document;
>
> iii)  the name and last known address of each person who prepared or participated in the preparation of the Document;
>
> iv)   the name and last known address of each addressee or other person to whom the Document, or any part thereof, was sent or to whom the Document or its contents, or any part thereof, was disclosed;
>
> v)    a summary of the general subject matter of the Document (and such other information as is necessary to identify the Document, such as whether the Document is a letter or memorandum); and
>
> vi)   a statement of the legal basis upon which the asserted privilege is claimed.

10.     If a Document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible.  If a privilege is asserted with

regard to part of the material contained in a Document, You must clearly indicate the portions as to which the privilege is claimed in accordance with the procedure outlined above.

11.     Documents shall be produced in such fashion as to identify the natural person in whose possession they were found.

12.     The use of any tense of any verb shall also include within its meaning all other tenses of that verb.

13.     If no Documents exist which are responsive to a particular Request, Your response to such Request shall so state.

## RELEVANT TIME PERIOD

Unless otherwise specifically indicated, all Requests refer to the period from January 1, 2004 up until the date of Your responses to the Requests.  Documents produced in response to the Requests shall include all Documents that relate in whole or part to such period, or to events during such period, even though dated, prepared, generated or received prior to or after that period.  If a Document prepared before the designated period is necessary for a correct or complete understanding of any Document covered by a Request, You must produce the earlier Document as well.  If any Document is undated and the date of its preparation cannot be determined, the Document shall be produced if otherwise responsive to the Request.

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1**

All Documents concerning AULII Policies, including but not limited to all Documents incorporating or reflecting mortality tables, mortality rates, or mortality assumptions for any AULII Policy.

**REQUEST FOR PRODUCTION NO. 2**

All Documents concerning mortality assumptions (including assumptions concerning mortality improvement or deterioration), mortality rates or mortality trends for individuals at age 65 or older.

**REQUEST FOR PRODUCTION NO. 3**

All Documents concerning the manner or process by which any mortality assumption concerning AULII Policies was created, generated, or derived.

**REQUEST FOR PRODUCTION NO. 4**

All Documents concerning the value or valuation of any AULII Policy.

**REQUEST FOR PRODUCTION NO. 5**

All Documents concerning any services provided by You to any Plaintiff, or any affiliate of any Plaintiff, including but not limited to any agreements concerning such services and all documents concerning compensation or consideration You received in connection with such services.

**REQUEST FOR PRODUCTION NO. 6**

Your policies and procedures relevant to Your administering, monitoring, servicing, or managing of AULII Policies, or any portfolio containing them, for any Plaintiff.

**REQUEST FOR PRODUCTION NO. 7**

All Documents concerning any financing or loans related to any Plaintiff Policy.

**REQUEST FOR PRODUCTION NO. 8**

All Documents concerning any Plaintiff's review of, or decision to acquire any interest in or engage in any transaction with respect to, any AULII Policy, including all Documents

concerning the process by which any AULII Policy was identified for potential or actual

acquisition by any Plaintiff.

**REQUEST FOR PRODUCTION NO. 9**

All Documents concerning AULII, including all Documents concerning COI for any

AULII Policy or the COI Adjustment.

**REQUEST FOR PRODUCTION NO. 10**

All Documents concerning the Litigation.

**REQUEST FOR PRODUCTION NO. 11**

All Documents concerning any litigation, regulatory matter, or criminal matter that You

are or were involved in concerning life insurance.