```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------- X
                                                                             :
EFG BANK AG, CAYMAN BRANCH et al.,                                           :
                                                                             :
                              Plaintiffs,                                    :
                                                                             :   17-CV-4767 (JMF)
       -v-                                                                   :
                                                                             :
AXA EQUITABLE LIFE INSURANCE CO.,                                            :
                                                                             :
                              Defendant.                                     :
                                                                             :
-------------------------------------------------------------------------    :
                                                                             :
 THE DUFFY 2004 LLC et al.,                                                  :
                                                                             :   17-CV-4803 (JMF)
                              Plaintiffs,                                    :
                                                                             :
       -v-                                                                   :   MEMORANDUM
                                                                             :   OPINION AND
AXA EQUITABLE LIFE INSURANCE CO.,                                            :   ORDER
                                                                             :
                              Defendant.                                     :
                                                                             :
---------------------------------------------------------------------------- X
```

JESSE M. FURMAN, United States District Judge:

In these consolidated cases, familiarity with which is presumed, Plaintiffs bring claims against AXA Equitable Life Insurance Co. ("AXA") for breach of contract in connection with an increase in the "cost of insurance" or "COI" — a monthly charge deducted from the value of a policyholder's account — on a subset of Athena Universal Life II ("AUL II") universal life insurance policies. Trial is scheduled to begin on October 30, 2023. In advance of trial, each side has filed multiple motions *in limine*. See ECF Nos. 308, 313.[1] In AXA's case, the Court

---

[1] Unless otherwise indicated, all record citations are to 18-CV-2111. By Order dated September 5, 2023, the Court granted the parties' request to file all motion *in limine* briefing and related documents on that docket. See ECF Nos. 304, 343.

already denied as moot all but two of its seven motions *in limine* in light of the settlement of a third, related case. *See* 17-CV-4767, ECF Nos. 387, 388. That leaves AXA's first motion *in limine*, to preclude Plaintiffs from offering "evidence and argument" that AXA "breached the contract because of allegedly unreasonable mortality assumptions originally used to price" the policies at issue, ECF No. 312, at 2 (capitalization altered), and its seventh motion *in limine*, to preclude Plaintiffs from referring to related actions and settlements, including a class action settlement granted final approval only last week, *see id.* at 22.

AXA's first motion *in limine* is denied substantially for the reasons stated in Plaintiffs' memorandum of law in opposition to the motion, ECF No. 327 ("Pls.' Mem."), at 1-7, albeit without prejudice to particularized objections at trial. Plaintiffs do not bring a standalone breach claim based on the mortality assumptions that AXA originally used to price the policies at issue. *See* Pls.' Mem. 5.[2] But that does not mean that all evidence or argument concerning AXA's original assumptions are irrelevant to Plaintiffs' claims (let alone that the probative value of such evidence would be substantially outweighed by the dangers set forth in Rule 403). To the contrary, Plaintiffs are entitled to introduce evidence of AXA's original assumptions in service of their argument that the later *changes* to COI rates were based on unreasonable assumptions. The Court will take steps — through rulings on particularized objections and jury instructions — to ensure that the trial, and the jury's attention, are focused on the gravamen of Plaintiffs' claims, namely the propriety of AXA's COI *changes*. But AXA's motion to preclude *all* evidence and argument concerning its original assumptions goes too far and is DENIED.

AXA's seventh motion *in limine* is denied as moot in light of Plaintiffs' representation

---

[2]    As a result, AXA's reliance on the Court's footnote in an earlier opinion regarding the claims of *Class Plaintiffs* — to the effect that any "theory of breach" based on an allegation that AXA's "'original' assumptions were unreasonable . . . would be subject to dismissal," ECF No. 63, at 6 n.2 — is misplaced.

2

that they "do not intend to present evidence that a class action was filed against AXA, or that other investors or policyholders sued AXA for the COI Rate Increase, or how those cases concluded, unless AXA opens the door." Pls.' Mem. 29. In the event that Plaintiffs believe AXA has opened the door to any such evidence, they shall promptly advise AXA and the Court.

In light of the foregoing, AXA's first and seventh motions *in limine* (the two that remain pending out of the seven originally filed) are hereby DENIED.

SO ORDERED.

Dated: October 24, 2023
      New York, New York

                                              JESSE M. FURMAN
                                      United States District Judge