UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------- X
:
EFG BANK AG, CAYMAN BRANCH et al., :
:
Plaintiffs, :
: 17-CV-4767 (JMF)
-v- :
:
AXA EQUITABLE LIFE INSURANCE CO., :
:
Defendant. :
:
-------------------------------------------------------------------------- :
:
THE DUFFY 2004 LLC et al., :
: 17-CV-4803 (JMF)
Plaintiffs, :
:
-v- : MEMORANDUM
: OPINION AND
AXA EQUITABLE LIFE INSURANCE CO., : ORDER
:
Defendant. :
:
------------------------------------------------------------------------------- X

JESSE M. FURMAN, United States District Judge:

In these consolidated cases, familiarity with which is presumed, Plaintiffs bring claims against AXA Equitable Life Insurance Co. ("AXA") for breach of contract in connection with an increase in the "cost of insurance" or "COI" — a monthly charge deducted from the value of a policyholder's account — on a subset of Athena Universal Life II ("AUL II") universal life insurance policies. Trial is scheduled to begin on October 30, 2023. In advance of trial, each side has filed multiple motions *in limine*. See ECF Nos. 308, 313.[1] The Court previously

---

[1] Unless otherwise indicated, all record citations are to 18-CV-2111. By Order dated September 5, 2023, the Court granted the parties' request to file all motion *in limine* briefing and related documents on that docket. See 18-CV-2111, ECF Nos. 304, 343.

resolved AXA's motions *in limine*. *See* ECF No. 401; 17-CV-4767, ECF Nos. 387, 388. The Court rules on Plaintiffs' motions *in limine* as follows:

- **Motion *in Limine* #1:** The Court is inclined to agree with AXA that the DFS "No-Objection Letter" is relevant to custom and usage evidence with respect to the meaning of "given class" and that, used for that purpose, it is not hearsay. (AXA's other relevance arguments appear to be moot in light of the *LSH* settlement.) The parties should be prepared to address the Rule 403 issues — especially insofar as the Letter speaks to more than the meaning of "given class" — at the final pretrial conference tomorrow. The parties should also be prepared to clarify whether there is any evidence of "regulatory submissions and responses" beyond the "No-Objection Letter."

- **Motion *in Limine* #2:** The motion is granted to the extent that it seeks to preclude AXA from asserting a STOLI defense as to Plaintiffs' claims or presenting evidence regarding the origination of Plaintiffs' policies specifically — relief that AXA does not even appear to oppose. The Court is inclined to think that some, albeit limited, evidence regarding STOLI concerns may be relevant and admissible as context or explanation for AXA's COI rate increase — specifically, to rebut Plaintiffs' argument that AXA improperly targeted investor-owned policies, *see* ECF No. 334 ("AXA Mem."), at 15-16, and to "establish . . . that STOLI practices would be expected to increase mortality experiences," *id*. at 16-18. Plaintiffs' objections to such evidence, if any, can and should be addressed during trial.

- **Motion *in Limine* #3:** The motion is granted without objection to the extent that Plaintiffs seek to preclude evidence concerning the ethics or morals of Plaintiffs' investments in life insurance as well as Plaintiffs' internal controls to prevent criminal activities — all of which is irrelevant to the issues on trial. *See* AXA Mem. 19 ("AXA has no intention of introducing evidence concerning the ethics of Plaintiffs' investments in life insurance."). As discussed below, Plaintiffs' own models may be relevant to the issues at trial. Accordingly, to the extent that Plaintiffs seek to preclude evidence relating to their investment strategies and business models, their motion is denied without prejudice to objections at trial. Finally, AXA should be prepared to explain at the final pretrial conference how the evidence at issue pertains to whether and how "Plaintiffs' own business practices" — as opposed to investing practices generally — "impacted the actuarial justification for the COI Increase." AXA Mem. 18.

- **Motion *in Limine* #4:** The motion is denied substantially for the reasons stated by AXA in its opposition. *See* AXA Mem. 21-24. In fact, the Court previously ruled that "[a] reasonable factfinder could certainly rely" on evidence that AXA's mortality assumptions were "consistent with or lower than the mortality assumptions that certain institutional investors, including some Individual Plaintiffs, used in deciding to purchase" the policies at issue. *In re AXA Equitable Life Ins. Co. COI Litig.*, 595 F. Supp. 3d 196, 225 (S.D.N.Y. 2022). Plaintiffs provide no basis for reconsideration of that ruling. Nor do they provide a basis to bring what amounts to an untimely *Daubert* motion to preclude the testimony of AXA's expert. That said, Plaintiffs may object to particular questions at trial — for example, if they believe that AXA is confusing the issues by conflating

individual life expectancy with large population mortality assumptions.

- **Motion *in Limine* #5:** The Court agrees with Plaintiffs that evidence of their "financial status, ownership, sophistication, other investments, due diligence conducted on the Plaintiffs' Policies, role or advice of any advisors, and Investor Plaintiffs' subjective interpretation/understanding of the Plaintiffs' Policies" is almost certainly irrelevant to the question of whether AXA breached the parties' contracts — the only issue at trial — and, thus, inadmissible. ECF No. 314 ("Pls.' Mem."), at 32-33. It does not matter, for example, whether Plaintiffs reviewed the AULII contracts or understood their terms (or the relevant risks) before investing. That said, some of the evidence that Plaintiffs seek to preclude (e.g., their places of business) seems innocuous, *see* AXA Mem. 28-29, and some may be relevant to industry custom and usage of the term "given class," *see id.* at 25-26. For these reasons, the motion is denied without prejudice to particularized objections at trial.

- **Motion *in Limine* #6:** The motion is denied substantially for the reasons stated by AXA in its opposition. *See* AXA Mem. 31-35. The Court previously ruled that evidence of "mortality experience subsequent to the COI Increase . . . is relevant, though not dispositive, in determining the reasonableness of a projection or prediction," *AXA COI Litig.*, 595 F. Supp. 3d at 252 (citing cases), and Plaintiffs provide no basis for reconsideration of that ruling at this stage. *See, e.g.*, *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2017 WL 4417693, at *7 (S.D.N.Y. Oct. 3, 2017) (emphasizing that parties should avoid using motions *in limine* to ask "the Court to decide issues that the Court has effectively already decided"); *see also Ruzhinskaya v. HealthPort Techs., LLC*, No. 14-CV-2921 (PAE), 2016 WL 7388371, at *1 (S.D.N.Y. Dec. 20, 2016).[2]

- **Motion *in Limine* #7:** The Court rejects AXA's argument that evidence concerning lapse protection riders is relevant because the jury should know that "policyholders were informed and understood at the time of Policy issuance that the risk of COI increases was a real one and a central feature of AULII." AXA Mem. 36. The question for the jury at trial is whether *AXA* breached the parties' contracts by increasing the COI rates; whether *Plaintiffs* were informed that there was a risk of such increases is not relevant to that question. To the extent it has any relevance, the probative value is substantially outweighed by the dangers of confusion, wasting time, and unfair prejudice. *See* Fed. R. Evid. 403. That said, the Court reserves judgment on Plaintiffs' motion pending oral argument at the final pretrial conference on whether, or to what extent, evidence of lapse protection riders is relevant to damages. *See id.* at 36-37.

- **Motion *in Limine* #8:** The Court is inclined to think that one of the three emails referenced by the parties, *see* ECF No. 321-1, may be relevant to industry custom and usage of "given class." But the other two emails, *see* ECF Nos. 321-2, 321-3, do not

---

[2] The new authorities cited by Plaintiffs are both too late *and* too little, as they merely confirm an uncontroversial proposition that AXA does not dispute: namely, that the jury's role in this case is to determine whether AXA's COI rate increase was reasonable, "not with hindsight, but at the time made." Pls.' Mem. 33 (quotation marks omitted).

3

appear to be relevant to that issue — and AXA does not reference them in its opposition memorandum. The parties should be prepared to address the Rule 403 issues with respect to ECF No. 321-1 — especially insofar as the email speaks to more than the meaning of "given class" — at the final pretrial conference tomorrow. The parties should also be prepared to clarify whether there is any evidence of "third party views" at issue other than that one email.

In light of the foregoing, Plaintiffs' second motion *in limine* is GRANTED, and their fourth, fifth, and sixth motions *in limine* are DENIED. The Court reserves judgment on Plaintiffs' first, third, seventh, and eighth motions *in limine*.

SO ORDERED.

Dated: October 24, 2023
       New York, New York

JESSE M. FURMAN
United States District Judge