

October 23, 2023

**VIA ECF**

Hon. Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

**Orrick, Herrington & Sutcliffe LLP**
2050 Main Street
Suite 1100
Irvine, CA 92614-8255

+1 949 567 6700

**orrick.com**

**Khai LeQuang**
E  klequang@orrick.com
D  +1 949 852 7708
F  +1 949 567 6710

Re: *In Re: AXA Equitable Life Insurance Company Litigation* [This document relates to *EFG Bank AG, Cayman Branch, et al. v. AXA Equitable Life Ins. Co.*, No. 17-CV-4767 (JMF), *The Duffy 2004 LLC, et al. v. AXA Equitable Life Ins. Co.*, No. 17-CV-4803 (JMF), and *LSH CO, et al. v. AXA Equitable Life Ins. Co.*, No. 18-CV-2111 (JMF).] – Letter-Motion Requesting Continued Sealing and Redaction of Documents in Connection with Motion *in Limine* Briefing

Dear Judge Furman:

Pursuant to Rule 7.B. of the Court's Individual Rules and Practices in Civil Cases, the Court's Order with respect to filing materials under seal (ECF No. 212),[1] and the Court's August 31, 2023 Order specifically addressing sealing applications related to motion *in limine* briefing (ECF No. 721), Plaintiff EFG Bank AG, Cayman Branch ("EFG") respectfully requests continued sealing of certain submissions made by the parties in connection with the motion *in limine* briefing. Specifically, EFG requests continued sealing of the following:

- Portions of the July 15, 2019 Expert Report of Timothy C. Pfeifer ("Pfeifer Report");[2]

- Portions of the July 15, 2019 Expert Report of Glenn Hubbard ("Hubbard

---

[1] Unless otherwise specified, docket references herein refer to docket numbers in the *Brach* action (16 Civ. 740). Docket numbers in the *LSH* Action (18 Civ. 2111) will be cited as "*LSH* ECF No." Docket numbers in the *EFG* Action (17 Civ. 4767) will be cited as "*EFG* ECF No."

[2] An excerpt of the Pfeifer Report was filed as Exhibit 18 to the Declaration of Dorit Ungar Black in Support of Plaintiffs' Motions *in Limine*, dated September 6, 2023 (*LSH* ECF No. 319) ("Black Declaration"). The entire Pfeifer Report was filed as Exhibit 1 to the Declaration of Robert C. Hora in Support of Defendant's Opposition to Plaintiffs' Motions *in Limine*, dated October 2, 2023 (*LSH* ECF No. 335) ("Hora Opp. Declaration"). Defendant filed a redacted version of the Pfeifer Report in connection with Defendant's Letter Motion to Seal Information Contained in the Parties' Motions *in Limine*, dated October 23, 2023 ("Defendant's Letter Motion to Seal"), and that redacted version reflects all of EFG's requested redactions to the Pfeifer Report. *See LSH* ECF No. 353-19 through 23. As such, EFG hereby joins with Defendant in its proposed redactions to the Pfeifer Report.

October 23, 2023
Page 2



Report");[3]

- Portions of excerpts from the transcripts of the April 3, 2019 Deposition of Tobias Schmelz as the designated Rule 30(b)(6) witness for EFG and the April 4, 2019 Continued 30(b)(6) and Individual Deposition of Tobias Schmelz ("Schmelz Deposition Transcripts");[4]

- Exhibit 35 to the Hora Opp. Declaration; and

- Portions of Defendant's Opposition to Plaintiffs' Motions *in Limine* ("Defendant's Opposition") (*LSH* ECF No. 334).[5]

The presumption of public access must be balanced against countervailing factors, such as "privacy interests" and whether the materials at issue contain "sensitive and proprietary information." *See Awestruck Mktg. Grp., LLC v. Black Ops Prods., LLC*, No. 16-CV-3969 (RJS), 2016 WL 8814349, at *2 (S.D.N.Y. June 20, 2016); *see also Playtex Prod., LLC v. Munchkin, Inc.*, No. 14-CV-1308 (RJS), 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016). Courts in this District also seriously consider potential competitive harm to the parties that might occur from public filing of confidential business information. *See, e.g.*, *New York v. Actavis, PLC, et al.*, No. 14-CV-7473, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) (sealing confidential business information that could "place a party at a competitive disadvantage"). As described in detail below, EFG is requesting continued sealing and redactions of certain documents that contain particularly sensitive information.

The Hubbard Report includes confidential and business sensitive information, including substantive references to a November 7, 2008 Securities Account Control Agreement setting forth the privately negotiated and agreed upon terms of the contractual relationship between EFG (and related entities) and its securities intermediary. Declaration of Tobias Schmelz dated April 14, 2022, ¶¶ 3, 6-7 (ECF No. 615-2) ("Schmelz Decl."). Public disclosure of the terms of this confidential contract and documents discussing this contract would be competitively harmful to

---

[3] The entire Hubbard Report was filed as Exhibit 10 to the Declaration of Robert C. Hora in Support of Defendant's Motions *in Limine*, dated September 6, 2023 (*LSH* ECF No. 309) and as Exhibit 37 to the Hora Opp. Declaration. Defendant filed a redacted version of the Hubbard Report in connection with Defendant's Letter Motion to Seal, and that redacted version reflects all of EFG's requested redactions to the Hubbard Report. *See LSH* ECF No. 353-6 through 9. As such, EFG hereby joins with Defendant in its proposed redactions to the Hubbard Report.

[4] Excerpts from the Schmelz Deposition Transcripts were filed as Exhibit 1 to the Declaration of Khai LeQuang in Support of Plaintiffs' Motions *in Limine*, dated September 6, 2023 (*LSH* ECF No. 320) and as Exhibit 26 to the Hora Opp. Declaration.

[5] Defendant previously filed a redacted version of Defendant's Opposition, and that redacted version reflects EFG's requested redactions to Defendant's Opposition. *See LSH* ECF No. 334. As such, EFG hereby joins with Defendant in its previously proposed redactions to Defendant's Opposition.

October 23, 2023
Page 3



EFG and could put EFG at a competitive disadvantage in later contractual negotiations with other parties. *Id.* As such, the harm to EFG that would result from disclosure outweighs the presumption of public access, and EFG therefore requests continued redaction of the discussion of the 2008 SACA that is found in Paragraphs 111 and 141 of the Hubbard Report.[6] *See Awestruck Mktg*, 2016 WL 8814349, at *2; *Playtex*, 2016 WL 1276450, at *11; *Actavis*, 2014 WL 5353774, at *3.

Exhibit 35 to the Hora Opp. Declaration is a highly confidential and business sensitive risk memorandum that was sent to the Board Risk Committee of EFG International AG, cc'ing the Executive Committee of EFG International AG. Schmelz Decl. ¶ 9. The memorandum includes multiple appendices, including other reports to the EFG International AG Board Risk Committee, confidential memoranda regarding EFG's internal and proprietary valuation models, and other highly sensitive documents. *Id.* These appendices contain a wide variety of highly confidential and proprietary information, the public disclosure of which would provide EFG's competitors with detailed information regarding some of the most sensitive facets of EFG's life settlement business. *Id.* EFG is requesting continued sealing in full of this document, as public disclosure of this information would reveal EFG's investment strategy, valuation methodology, risk management concerns, and other highly sensitive information that EFG is vigilant in protecting. *Id.* The serious risk of competitive harm to EFG that would result from disclosure outweighs the presumption of public access and Exhibit 35 to the Hora Opp. Declaration should therefore remain sealed in full.[7] *See Awestruck Mktg*, 2016 WL 8814349, at *2; *Playtex*, 2016 WL 1276450, at *1; *Actavis*, 2014 WL 5353774, at *3.

The Hubbard Report and the Schmelz Deposition Transcripts both contain substantive discussion of a portfolio evaluation report (EFG-000034906) providing highly sensitive analyses of EFG's internal business strategies related to, among other things, EFG's investment and management of its life insurance portfolios, which include policies issued by different carriers that are not at issue in this case. Schmelz Decl. ¶ 11. The Schmelz Deposition Transcripts include extensive discussion of this portfolio evaluation report, including direct quotes. *Id.* ¶ 12. EFG is requesting continued sealing of the discussions of this document that are found in the Hubbard Report and in the Schmelz Deposition Transcripts, as public disclosure would

---

[6] This Court has previously granted a motion to seal these same paragraphs of the Hubbard Report. *See* ECF No.615 (motion to seal); ECF No. 633 (order granting motion to seal).

[7] There are confidential references to Exhibit 35 to the Hora Opp. Declaration included in citation footnotes in the Pfeifer Report. In connection with EFG's request to seal Exhibit 35 to the Hora Opp. Declaration, EFG also requests continued redaction of the parentheticals following the citations to EFG-000047448, which is Exhibit 35 to the Hora Declaration. Those citations are found in footnotes 345, 346, and 347 on pages 127-128 of the Pfeifer Report. This Court has previously granted a motion to seal both Exhibit 35 to the Hora Opp. Declaration and the specified portions of the Pfeifer Report. *See* ECF No. 615 (motion to seal); ECF No. 633 (order granting motion to seal). Additionally, EFG requests continued redaction of the portion of Defendant's Opposition discussing Hora Exhibit 35, which includes portions of the top paragraph on page 28 of Defendant's Opposition.

October 23, 2023
Page 4



substantially harm EFG by disclosing its confidential internal analyses of its investments and EFG's internal business practices regarding those investments, including assets that are totally irrelevant to this litigation.  *Id.* ¶¶ 11-12.  Because the harm to EFG that would result from disclosure outweighs the presumption of public access, paragraph 90 of the Hubbard Report and pages 368-375 of the Schmelz Deposition Transcripts should be redacted.[8]  *See Awestruck Mktg*, 2016 WL 8814349, at *2; *Playtex*, 2016 WL 1276450, at *11; *Actavis*, 2014 WL 5353774, at *3.

The Schmelz Deposition Transcripts also contain discussion of and direct quotes from an October 21, 2015 internal business email chain (EFG-000084648) that contains highly sensitive analysis regarding confidential, highly business sensitive, and proprietary information that relates to EFG's internal management and business strategies of its life insurance portfolios, including information relating to EFG's investment, management, and valuation methodologies concerning its life insurance portfolios.  *See* Declaration of Tobias Schmelz dated March 19, 2019, ¶¶ 3, 6 (*EFG* ECF No. 288-02).  Public disclosure of such information would substantially harm EFG by disclosing its internal business methods and internal analyses as to the anticipated and actual performance of its life insurance policies, including policies issued by life insurance carriers other than AXA that are not relevant to this litigation.  *Id.*  Therefore, the harm to EFG that would result from disclosure of discussion relating to this confidential document outweighs the presumption of public access, and pages 348:23-352:22 in the Schmelz Deposition Transcripts should be redacted.[9]  *See Awestruck Mktg*, 2016 WL 8814349, at *2; *Playtex*, 2016 WL 1276450, at *11; *Actavis*, 2014 WL 5353774, at *3.

Accordingly, EFG respectfully requests continued sealing and redaction of the documents referenced herein.

Respectfully Submitted,

/s/  Khai LeQuang

Khai LeQuang

cc:     All Counsel of Record (via ECF)

Based on a review of a sample of the documents at issue, the Court finds that the proposed redactions are narrowly tailored to further interests that are sufficient to outweigh the presumption in favor of public access. Accordingly, the application is granted, subject to reconsideration in the event that any party or third party files a motion to unseal a particular document or documents.  The Clerk of Court is directed to terminate Docket No. 354.  SO ORDERED.

October 31, 2023

---

[8] This Court has previously granted a motion to seal paragraph 90 of the Hubbard Report and pages 368-375 of the Schmelz Deposition Transcripts.  *See* ECF No. 615 (motion to seal); ECF No. 633 (order granting motion to seal).

[9] This Court has previously granted a motion to seal these same pages of the Schmelz Deposition Transcripts.  *See EFG* ECF No. 288 (motion to seal); *EFG* ECF No. 294 (order granting motion to seal).